In the District Court of the United States
For the District of South Carolina

BEAUFORT DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC
2006 JAN 20 A 9:06

| | |
|---|---|
| Roger Navy, #251709,               )  | Civil Action No. 9:05-2856-CMC-GCK |
|                   Petitioner,      )  | |
|                                    )  | |
| vs.                                )  | |
|                                    )  | **REPORT AND RECOMMENDATION** |
| Collie Rushton and Attorney        )  | **OF THE MAGISTRATE JUDGE** |
| General of South Carolina,         )  | |
|                                    )  | |
|                   Respondents.     )  | |

## I. INTRODUCTION

The Petitioner, Roger Navy ("Petitioner" or "Navy"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this United States Magistrate Judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II. *PRO SE* PETITION



Navy is presently incarcerated in the McCormick River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Navy filed this Petition for a writ of habeas corpus (the "Petition") on October 18, 2005, against the above-captioned Respondents, Collie Rushton and Henry McMaster, Attorney General of the State of South Carolina (collectively, the "Respondents").[1] [1-1]. Navy is a *pro se* litigant, and thus his pleadings are

---

[1] In *habeas corpus* cases, the Petitioner has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition. In this case, the Houston v. Lack delivery date is September 29, 2005.

accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* Leeke v. Gordon, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied,* 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied,* 475 U.S. 1088 (1986). Finally, the Court cannot ignore a clear failure in the pleading to allege facts supporting a claim cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.1990). Such is the case with the present Petition.

### III.   PROCEDURAL HISTORY IN STATE COURT

#### A. Proceedings in the Court of General Sessions

Navy was indicted at the July 1998 term of the Greenville County Grand Jury for ten (10) counts of armed robbery (98-GS-23-7191; -7192; -7193; -7194; -7195; -7382; -7383; -7384; -7385; -7386). At the April 1998 term of court, the Pickens County Grand Jury indicted Navy for armed robbery (98-GS-39-0743). Thus, Navy faced a total of eleven (11) counts of armed robbery.

Navy was represented by Tim Sullivan, Esquire. On August 5, 1998, Navy plead guilty to all charges before the Honorable James R. Barber, III. Navy agreed to have the Pickens County charge resolved in Greenville County. Judge Barber sentenced Navy to concurrent terms of twenty-seven (27) years on each of the eleven (11) charges. Navy did not file a direct appeal form his convictions and sentences.

#### B. Navy's First Application for Post-Conviction Relief

On April 6, 1999, Navy filed a *pro se* application for post-conviction relief ("PCR") in which he raised a claim of ineffective assistance of counsel, as well as claims of involuntary plea and failure to file a direct appeal.[2]



The State made its Return on February 15, 2000.[3] An evidentiary hearing in the matter was held before the Honorable Henry F. Floyd on May 1, 2001. Navy was present and represented by Franklin Henson, Esquire. Attorney Henson argued during the hearing that counsel spent insufficient time with Navy, that counsel was unaware of promises made to Navy by the solicitor's office, that the judge should have stopped the plea when Navy expressed hesitation, and that Navy should have been informed of his right to file a direct appeal. Judge

---

[2]   App. 48-52.

[3]   App. 52.

Floyd orally denied relief at the hearing.[4] Thereafter, Judge Floyd issued a written Order of Dismissal on November 6, 2001.[5]

A notice of appeal was filed regarding Judge Floyd's Order of Dismissal. Assistant Appellate Defender Tara Taggart, of the South Carolina Office of Appellate Defense, was appointed to represent Navy in his PCR appeal. On April 19, 2002, Ms. Taggart filed a Johnson Petition[6] for a writ of certiorari with the South Carolina Supreme Court which raised one issue:

> Whether the lower court erred in ruling petitioner was not entitled to a belated review under White v. State.

On April 22, 2002, Ms. Taggart filed an Amended Johnson Petition, in which she raised the above issue as well as the following issue:

> Whether appellant's guilty plea was done knowingly and voluntarily.

Navy filed a *pro se* brief on May 21, 2002, where he raised the following issues:

(1) The court lacked subject matter jurisdiction.

(2) The Appellant's denial of his right to a direct appeal.

The South Carolina Supreme Court denied certiorari and granted Ms. Taggart's request to be relieved as counsel in an Order filed on August 8, 2002. The Remittitur was sent to the lower court on August 26, 2002.

### C. Navy's Second Application for Post-Conviction Relief



Navy filed a second *pro se* Application for Post-Conviction Relief ("APCR2") on February 6, 2003 (03-CP-23-0887). In that application, Navy raised the following claims:

(1) Ineffective assistance of counsel;

(2) Subject matter jurisdiction;.

(3) Plea was not knowingly and intelligently entered;

---

[4] App. 87-90.

[5] App. 94.

[6] In Johnson v. State, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988), the Supreme Court of South Carolina approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in Anders v. California, 386 U.S. 738 (1967) were followed.

Page 4 of 12

(4)    Procedural due process of law violation and substantive.

The State filed a Return and Motion to Dismiss on February 6, 2003. Petitioner then filed a "Motion to Amend" dated April 11, 2003, in which he raised the following claim:

> The trial court lacked subject matter jurisdiction over the applicant; in that the proceedings of the grand jury, "True Billing", the indictments was not made a matter of transcripts and/or compositionally composed up of applicant's peers and race.

A conditional Order of Dismissal was signed by the Honorable John C. Few on August 5, 2003. Navy responded with a pro se document entitled, "Applicant's Memorandum of Law to Disclose that He is Entitled to a PCR Hearing", dated August 20, 2003.

A hearing in Navy's APCR2 was held before the Honorable Edward W. Miller on October 24, 2003. Petitioner was present and represented by his appointed counsel Scott M. Anderson; the State was represented by Assistant Attorney General Christopher Newton. Navy argued three (3) issues:

(1)   Whether the indictments were defective because the solicitor acted as a witness before the grand jury.

(2)   Whether the indictments were defective because they were not filed with the Clerk of Court as required by Rule 3, SCRCrimP.

(3)   The Indictments were invalid because Petitioner was not personally present before the Grand Jury.

The PCR2 trial court ruled that all allegations outside of the subject matter jurisdiction claims were impermissibly successive, and orally denied relief on the subject matter jurisdiction claims. On November 20, 2003, Judge Miller signed an Order of Dismissal in which he denied Navy's claims.



A timely notice of appeal was filed with the state supreme court from Judge Miller's Order in the PCR2. Acting Chief Attorney Joseph L. Savitz, of the South Carolina Office of Appellate Defense, was appointed to represent Navy in his PCR2 appeal. On August 29, 2004, Savitz filed a <u>Johnson</u> Petition for Writ of Certiorari and Petition to be Relieved as counsel, in which he raised the following issue:

> Since subject-matter jurisdiction may be raised at anytime, the Court should review Navy's indictments to ensure that the lower court had jurisdiction to accept his guilty plea.

On September 7, 2004, Navy filed a *pro se* pleading styled as "Supplement *pro se* to Johnson Petition for Writ of Certiorari" and Appendix, in which he raised the following issue:

> The lower court erred in dismissing the application for failure to abide by the statute of limitations when the petitioner timely raised and preserved the issue of lack of subject-matter jurisdiction in the underlying conviction.

The State filed its return on September 13, 2004. On August 17, 2005, the South Carolina Supreme Court issued an Order in which it denied the petition for writ of certiorari and granted counsel's motion to be relieved. The Remittitur was sent to the circuit court on September 2, 2005.

## IV. FEDERAL COURT HISTORY

In his *pro se* Petition, Navy raises the following grounds for relief:

(1) Ineffective assistance of counsel.

> Counsel was ineffective for not objecting to the defective indictment and for not explaining all the elements of my charges and for not explaining my rights to pleading guilty, and for not objecting or admitting the negotiated deal that was made with the Solicitor, and not securing a timely appeal.

(2) Subject matter jurisdiction.

> Indictments are void and defective because they were never filed with the Clerk of Court, and the trial court was without jurisdiction. Whereas I never waived presentiment before Grand Jury, and plea was not a lesser included charge.

(3) Involuntary Guilty Plea.

> Armed robbery was not a lesser included offense and I never waived presentment to the Grand Jury, and indictments was [sic] defective because there is no evidence that they was [sic] filed by the Clerk to cure jurisdiction, also attorney failed to inform me of the elements of all the charges I was accused of.



(4) Violation of due process.

> Was denied of my right to be true-billed by a legally constituted Grand Jury and Petit Jury in violation of S.C. Const. Art. 1, 11. Const. Art. V. 22, and S.C. Code Ann. 14-7-1700, 14-9-210, 17-23-120, 17-23-130, 17-23-90, 17-3-10, 17-13-50, 17-23-1220, 160-1-10, 17-27-80, Art. I, 8, Art. I, § 10, Art. I, § 11, Art. I, § 15. Const. Amends. 4, 5, 6, 8 and 14, and S.C. Code of Law § 22-5-510, 17-27-10.

On October 19, 2005, the undersigned issued an Order which authorized service upon the Respondents and notified Navy of the change of address rule. [5-1] Thereafter, on December 8, 2005, Respondents filed a Motion for Summary Judgment, a Return and Memorandum of Law in

Support of Motion for Summary Judgment (collectively, the "Return") and supporting exhibits. [8-1; 7-1]

The undersigned issued an Order filed on December 13, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Navy of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondents' Return.[7] [10-1] Navy did not file any response to the Respondents' Return.

## V. SUMMARY JUDGMENT STANDARD

The determination of a motion for summary judgment is governed by the holding in Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. Felty v. Graves-Humphreys Co., 818 F.2d 1126 (4th Cir. 1987). Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. Stone v. University of Md. Medical Sys. Corp., 855 F.2d 167 (4th Cir. 1988).

## VI. HABEAS CORPUS REVIEW

### A. The Antiterrorism and Effective Death Penalty Act

#### 1. The Statute of Limitations



The present habeas corpus petition was filed on September 29, 2005. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. See Lindh v. Murphy, 521 U.S. 320, 327 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

---

[7] The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A "properly filed application for State post-conviction relief" tolls the time for filing. 28 U.S.C. § 2244(d)(2). In addition, state collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A), but it does not establish a right to file within one year after completion of collateral review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court).

The Respondents argue, and this court agrees, that Petitioner's Petition should be denied and dismissed because it is untimely under the AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d). In calculating the one-year statute of limitations for purposes of the AEDPA, the court first notes that Petitioner did not file a direct appeal from his convictions and concurrent sentences which were imposed by Judge Barber on Wednesday, August 5, 1998. Accordingly, his convictions were finalized by the conclusion of direct review, pursuant to Rule 203(b)(2), SCACR,[8] ten (10) days later, on Monday, August 17th, 1998.[9] Because Petitioner did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. *See, e.g.*, Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); 28 U.S.C. § 1257 (United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"); U.S. Sup. Ct. R. 10(b) (certiorari considered where "state court of last resort" has decided important federal question); U.S. Sup. Ct. R. 13 (time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort); Rule 203(b)(2), SCACR (10 day requirement for filing of Notice of Appeal from criminal conviction).

---

[8]  SCACR Rule 203(b)(2) provides in pertinent part:
*Appeals from the Court of General Sessions.* After a plea . . .resulting in conviction . . . a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed. . . . .

[9]  Two (2) extra days are included as ten (10) days would have fallen on Saturday, August 15.

Petitioner thus had until August 17th, 1999 to file his federal habeas corpus action, unless the period was at any time tolled. *See, e.g.*, Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000); Harris, *supra*; Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

Since Petitioner did not file his APCR until April 6th, 1999, two hundred and thirty-two (232) days of non-tolled time passed between the conclusion of direct review (on August 17, 1998) and the filing of the APCR.[10] The habeas corpus period of limitations was tolled during the pendency of the APCR at most until August 26th, 2002, when the South Carolina Supreme Court issued the Remittitur from the denial of certiorari in the APCR. *See* 28 U.S.C. § 2244(d)(2) (tolling federal statute while "properly filed" application for state postconviction relief is pending); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition). .

In addition, one hundred and sixty-four (164) days of non-tolled time passed between the issuance of the APCR Remittitur on August 26th, 2002 and filing of the APCR2 on February 6th, 2003.[11] Assuming that Petitioner's APCR2 tolled the federal period of limitations,[12] it would have tolled the federal period until September 2nd, 2005, when the South Carolina Supreme Court issued the Remittitur from the denial of certiorari in the APCR2. *See* 28 U.S.C. § 2244(d)(2)



---

[10]   The court calculates this figure by adding the following days: August 18-31 (14 days); September (30 days); October (31 days); November (30 days); December (31 days); January 1999 (31 days); February 1999 (28 days); March 1999 (31 days); and April (6 days). Petitioner filed on April 6, 1999.

[11]   The court calculates this figure by adding the following days: August 27-31 (5 days); September (30 days); October (31 days); November (30 days); December (31 days); January 2003 (31 days); February (6 days). Petitioner filed his APCR2 on February 6, 2003.

[12]   The United States Supreme Court has held that a state collateral attack action not timely filed under the state statute of limitations is not a "properly filed" state collateral attack action sufficient to toll the federal period of limitations under 28 U.S.C. §2244(d)(2). Pace v. DiDguglielmo, 125 S.Ct. 1807 (2005). Certainly as to Grounds One, Two, and Four in the present Petition, the APCR2 was untimely under the State's one-year period of limitations and bar against successive applications. S.C. Code Ann. § 17-27-45(a) (2003); Aice v. State, 409 S.E.2d 392 (S.C. 1991). In addition, the APCR2 trial court found the subject matter jurisdiction claims meritless and dismissed any other claims for the procedural reasons. (PCR2 App. 92-94. As such, the nine hundred and thirty nine (939) days that the APCR2 was pending would toll nothing with regard to Grounds One, Two, and Four. In any event, this time period is not necessary, as Petitioner's habeas filing is too late even if the pendency of the APCR2 were tolled.

(tolling federal statute while "properly filed" application for state postconviction relief is pending); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).

Petitioner's "delivery date" for the present action is September 29th, 2005. Therefore, an additional twenty-seven (27) days of non-tolled time ran between the South Carolina Supreme Court's disposition of the APCR2 appeal and the filing of this Petition. Four hundred and twenty-three (423) days is the total of the three relevant time periods: (1) before the APCR, (2) after the APCR and before the APCR2, and (3) after the APCR2 (232 + 164 + 27). This is well in excess of one year. Therefore, it is recommended that the Petition should be denied and dismissed.

## RECOMMENDATION

Based upon the foregoing, it is recommended that Respondents' Motion for Summary Judgment **[8-1] should be granted**.

George C. Kosko
United States Magistrate Judge

January 19, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not**

> **focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**